### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEYA DRAPER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CITY OF NEODESHA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT

**COMES NOW** the Plaintiff, Keya Draper, by and through counsel Nicole M. Revenaugh of Irigonegaray & Revenaugh, and for her cause of action against the Defendant, City of Neodesha, alleges and states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Arizona.

2. Defendant, City of Neodesha, is the governing body of Neodesha, Kansas.

3. The City of Neodesha is defined as a municipality under K.S.A. 75-1117.

4. The Neodesha Police Department is a subagency of the City of Neodesha subject to the governance of the Neodesha City Commission.

5. Plaintiff's cause of action arises from the injuries and damages she sustained from the negligent, excessive, and unlawful use of force by Captain Joseph Reyes and Officer Kenenth Carlburg while in the scope and course of their employment for the Neodesha Police Department on April 4, 2023 in Wilson County, Kansas.

6. Defendant is liable for the negligent acts of its employees in the scope and course of their employment pursuant to the Kansas Tort Claims Act, K.S.A. 75-6101, *et seq*.

7. On March 28, 2025, Plaintiff served the Neodesha City Clerk with a written notice containing her claim for damages in compliance with K.S.A. 12-105b. Defendant's 120-day notice period expired without response. Therefore, Plaintiff has satisfied all statutory prerequisites under K.S.A. 12-105b prior to filing suit.

8. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1332, as the parties reside in different states.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant's actions, as well as all events giving rise to Plaintiff's claims, occurred in Kansas.

## FACTUAL ALLEGATIONS

10. Plaintiff adopts and incorporates by reference all preceding paragraphs as though fully set forth herein.

11. On April 4, 2023, Keya Draper was traveling with her fiancé, Tavares Allen, and their friend, Austin Tereze, on their way home to Omaha, Nebraska from Shreveport, Louisiana.

12. At approximately 12:07 a.m., Officer Carlburg was patrolling Main Street in Neodesha and pulled over Plaintiff's vehicle for speeding. Ms. Draper, who was the front passenger in the vehicle, admitted she had marijuana in her possession. Officer Carlburg confiscated the marijuana and placed Ms. Draper under arrest.

13. During the course of her arrest, Officer Carlburg placed handcuffs on Ms. Draper's wrists while she was standing in front of his patrol car. However, Officer Carlburg's body-worn camera footage demonstrates that he failed to double-lock Ms. Draper's handcuffs.

14. Officer Carlburg's failure to double-lock Ms. Draper's handcuffs caused them to tighten further around her wrists, put excessive pressure on her nerves, and cut off circulation to her hands and wrists.

15. After placing Ms. Draper in handcuffs, Officer Carlburg escorted her to the back of Captain Reyes' patrol car. During that time, Ms. Draper told the officers that she couldn't move her wrists and asked for the handcuffs to be loosened. Officer Carlburg replied, "No." Officer Carlburg then placed Ms. Draper inside the patrol car and searched Mr. Allen's vehicle.

16. Upon completing the search, Officer Carlburg moved Ms. Draper to the back of his patrol car, during which time she told Officer Carlburg that she couldn't move her wrist or feel anything. Officer Carlburg took no action. Instead, he drove Ms. Draper 20 miles from Neodesha to the Wilson County Jail while she continued to lose sensation in her wrists and hands.

17. Approximately 45-60 minutes after her arrest, Ms. Draper's handcuffs were finally removed by the booking officer at the Wilson County Jail. Photographs taken during the booking show significant ligature markings on both wrists where the handcuffs had been placed.

18. Ms. Draper showed the booking officer the ligature marks and told him her handcuffs were too tight. She also reported that she was experiencing numbness and tingling in her index finger and thumb on her left hand, as well as pain that radiated up to her elbow.

19. All criminal charges against Ms. Draper were dismissed without prosecution.

20. Upon her release from Wilson County Jail, Ms. Draper returned to Omaha and immediately sought medical care for her left wrist. She was ultimately diagnosed with a radial nerve injury and radial sensory mononeuropathy as a result of the improper handcuff placement, for which she has required extensive medical treatment and remains symptomatic to this day.

## COUNT I

21. Plaintiff adopts and incorporates by reference all preceding paragraphs as though fully set forth herein.

22. At all times material hereto, Officer Carlburg and Captain Reyes were acting in the scope and course of their employment for the Neodesha Police Department as agents and/or employees of the City of Neodesha.

23. At all times material hereto, Officer Carlburg and Captain Reyes had a duty to protect Plaintiff from undue harm as a detainee in their exclusive custody and control, and to refrain from the negligent use of force, and/or excessive use of force.

24. The injuries sustained by Plaintiff as described above were directly and proximately caused by the negligent and wrongful conduct of Officer Carlburg and Captain Reyes in: (a) failing to double-lock Plaintiff's handcuffs, (b) failing to ensure Plaintiff's handcuffs were appropriately fitted, (c) failing to examine Plaintiff's handcuffs after she made numerous complaints of pain, numbness, and loss of sensation to her wrists, (d) failing to loosen Plaintiff's handcuffs after she made numerous complaints of pain, numbness, and loss of sensation to her wrists, and (e) otherwise failing to act with reasonable care to prevent undue harm to a detainee in its exclusive custody and control.

25. Officer Carlburg and Captain Reyes' actions, individually and collectively, constituted negligent use of force, and/or excessive use of force against the Plaintiff.

26. As a direct and proximate result of the Officer Carlburg and Captain Reyes' negligent conduct, Plaintiff has undergone medical treatment, suffered severe pain, suffered mental and emotional anguish, restricted her daily activities, incurred medical and related expenses, lost income, suffered permanent injuries, and her ability to lead a normal life and enjoy life has been adversely affected. These damages have been incurred to date and will continue to be incurred in the future.

27. Plaintiff's personal injuries and damages were directly and proximately caused by the negligent and wrongful conduct of Officer Carlburg and Captain Reyes.

28. As a direct and proximate result of Officer Carlburg and Captain Reyes' negligent conduct, Plaintiff has sustained damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

29. Defendant City of Neodesha is liable for the negligent acts and omissions of its employees, Officer Carlburg and Captain Reyes, that were committed in the scope and course of their employment pursuant to the Kansas Tort Claims Act and the doctrine of *respondeat superior*.

## COUNT II

30. Plaintiff adopts and incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Defendant City of Neodesha had a duty to provide adequate training and supervision to agents and employees of the Neodesha Police Department, including Officer Carlburg and Captain Reyes.

32. Defendant City of Neodesha and its sub-agency, the Neodesha Police Department, knew or should have known that the failure to provide adequate training and supervision to its police officers regarding the use of appropriate force would create an undue risk of harm to detainees in its exclusive custody and control.

33. Defendant City of Neodesha and its sub-agency, the Neodesha Police Department, also knew or should have known that the failure to provide adequate training and supervision regarding proper handcuff placement and the prevention of handcuff injuries to its police officers would create an undue risk of harm to detainees in its exclusive custody and control.

34. Defendant City of Neodesha breached its duty and were negligent in failing to provide adequate training and supervision regarding the appropriate use of force, proper handcuff placement, and the prevention of handcuff injuries to Captain Reyes and Officer Carlburg, resulting in foreseeable injury to the Plaintiff on April 4, 2023.

35. As a direct and proximate result of the Defendant City of Neodesha's negligent conduct, Plaintiff has undergone medical treatment, suffered severe pain, suffered mental and emotional anguish, restricted her daily activities, incurred medical and related expenses, lost income, suffered permanent injuries, and her ability to lead a normal life and enjoy life has been adversely affected. These damages have been incurred to date and will continue to be incurred in the future.

36. Plaintiff's personal injuries and damages were directly and proximately caused by the negligent conduct of the City of Neodesha.

37. As a direct and proximate result of Defendant's negligent conduct, Plaintiff has sustained damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

38. Defendant City of Neodesha is liable for the negligent acts and omissions of its employees in failing to provide adequate training and supervision to Officer Carlburg and Captain Reyes pursuant to the Kansas Tort Claims Act and under the doctrine of *respondeat superior*.

**WHEREFORE**, Plaintiff requests a trial by jury on Counts I and II as alleged herein. Plaintiff further prays for judgment on Counts I and II against the Defendant, City of Neodesha, for an amount in excess of $75,000.00, for costs, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Nicole M. Revenaugh*
Nicole M. Revenaugh, #25482
IRIGONEGARAY & REVENAUGH
1535 SW 29th Street
Topeka, KS 66611
nicole@itrlaw.com
785-267-6115 (ph)
785-267-9458 (fax)
Attorney for Plaintiff